IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DAVID S. COLIN,                        )
HAL CRAIG HARTSELL, JR.,               )
ARTHUR C. PREWITT,                     )
                                       )
     Plaintiffs,                       )
                                       )
     v.                                )     1:03CV00079
                                       )
MARCONI COMMERCE SYSTEMS               )
EMPLOYEES' RETIREMENT PLAN,            )
RETIREMENT COMMITTEE for the           )
MARCONI USA EMPLOYEES'                 )
RETIREMENT PLAN,                       )
MARCONI COMMERCE SYSTEMS               )
EMPLOYEES RETIREMENT PLAN              )
COMMITTEE, GILBARCO, INC.,             )
DANAHER CORPORATION, DANAHER           )
CORPORATION and SUBSIDIARIES           )
PENSION PLAN,                          )
                                       )
     Defendants.                       )

## MEMORANDUM OPINION and ORDER

OSTEEN, District Judge

    Pending before this court is Plaintiffs David S. Colin's ("Colin"), Hal Craig Hartsell's, and Arthur C. Prewitt's (collectively, "Plaintiffs") Motion for Reconsideration of this court's September 1, 2004, opinion and order. Defendants are Marconi Commerce Systems Employees' Retirement Plan ("Marconi Commerce Plan," a pension plan), Marconi Commerce Systems Employees Retirement Plan Committee (the administrator for the Marconi Commerce Plan), Danaher Corporation and Subsidiaries

Pension Plan ("Danaher Plan," a pension plan), Danaher Corporation (Danaher Plan's administrator), and Gilbarco, Inc. ("Gilbarco"). Plaintiffs bring claims alleging numerous violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001 et seq. ("ERISA"), including improper benefit denials and reductions, improper notice, and breach of fiduciary duty.

I.   **FACTUAL BACKGROUND**[1]

Plaintiffs are all former employees of Gilbarco. Plaintiffs participated in a retirement income plan ("the Plan") that Defendants ran for Gilbarco.[2] Defendants "restated" the Plan's terms in 1985 ("1985 Restatement"), which changed an employee's Plan rights.[3] After their employers fired them, Plaintiffs made

---

[1] All the motions subject to this motion for reconsideration are motions for which this court must construe the facts in the light most favorable to Plaintiffs. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 2513 (1986); Randall v. United States, 30 F.3d 518, 522 (4th Cir. 1994). The court has constructed the facts on its own, as Plaintiffs did not set forth a "concise statement of the facts" as required by Local Rule 7.2(a)(2) for their motion for reconsideration.

[2] The actual Plan administrator is not clear. The Plan has changed hands several times, among Defendants, through organizations acquiring the assets and liabilities of other organizations that previously administered the Plan. No consensus exists on which Defendants controlled the Plan during the periods where Plaintiffs dispute coverage. The facts, thus, generically refer to the Plan as "the Plan" and the administrator as "Defendants."

[3] Subsequent restatements occurred after 1985, but the
(continued...)

claims for benefits, which Defendants denied.  In denying
benefits, Defendants interpreted the 1985 Restatement to have a
specific meaning, a meaning Plaintiffs challenge in this action.

In the Second Amended Complaint, Plaintiffs pled six counts.
Counts I, III, IV, and VI are relevant for this discussion.  In
Count I, among other claims, Colin individually claimed
Defendants incorrectly calculated his years of service and his
compensation, two variables that affect the amount due to him
under the Plan.  Thus, Count I alleged Defendants failed to
provide benefits due under the Plan.  The amounts Colin alleged
to be due were based on his interpretation of the 1985
Restatement, which differed from the Defendants' interpretation.

In Count III, Plaintiffs collectively alleged Defendants
failed to provide documents in accord with ERISA, and Colin
individually claimed Defendants failed to provide "complete and
accurate records of his basic compensation with regard to his
pension calculation."  (Sec. Am. Compl. ¶ 59.)  In Count IV,
Plaintiffs alleged Defendants failed to provide documents under
ERISA describing the Plan when the Plan transferred from one
defendant to another.  In Count VI, Plaintiffs collectively
alleged Gilbarco breached its fiduciary duty owed to Plaintiffs,
and Colin individually alleged breach of fiduciary duty through,

---

[3](...continued)
1985 Restatement is the one important to this discussion.

among other acts, Defendants' misrepresentations as to the Plan's terms.

On September 1, 2004, this court issued a memorandum opinion and order, which granted Gilbarco's motion for summary judgment on Count III.  Furthermore, the court granted Gilbarco's motion for judgment on the pleadings on Count I.  The court granted that motion only to the extent Plaintiffs based Count I on reinterpreting the 1985 Restatement.  Thus, the court dismissed Plaintiffs' collective and individual claims for benefits under the Plan to the extent Plaintiffs challenged Defendants' interpretation of the 1985 Restatement.  The court did not overturn the Defendants' interpretation of the 1985 Restatement under the relevant legal standards.

**II. ANALYSIS**

A.   Standard of Review

Plaintiffs filed a motion for reconsideration and clarification under Federal Rule of Civil Procedure 59(b) and (e).  Rule 59(e) allows a party to file a "motion to alter or amend a judgment."  Fed. R. Civ. P. 59(e).  Contrary to what Plaintiffs' brief implicitly asserts, there is a standard this court must follow in deciding a motion for reconsideration.

"[R]econsideration of a judgment[, under Rule 59(e),] after its entry is an extraordinary remedy [that] should be used sparingly."  11 Charles Alan Wright, Arthur R. Miller and Mary

4

Kay Kane, Federal Practice and Procedure: Civil 2d § 2810.1, at 124 (2d ed. 1995 & Supp. 2005). The Fourth Circuit enumerates three grounds upon which this court may grant a motion for reconsideration: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Pacific Ins. Co. v. American Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). Thus, "[t]he rule essentially enables a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." Russell v. Delco Remy Div. of Gen. Motors Corp., 51 F.3d 746, 749 (7th Cir. 1995). Plaintiffs never argued under this standard. Plaintiffs, however, apparently rely upon the third ground, as no facts support the others. For whatever ground Plaintiffs assert for reconsideration, "Rule 59(e) motions may not be used . . . to raise arguments [that] could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." Pacific Ins., 148 F.3d at 403. The court will next consider Plaintiffs' reasons for reconsideration, each in turn.

    B.   Plaintiffs' Reasons for Reconsideration

        1.   Colin's Individual Claims as to the 1985 Restatement Interpretation

Colin vigorously claims Defendants did not move for summary judgment on some of his individual claims against the plan

administrator but "the [c]ourt analyzed the Complaint and the Answer and ruled on this matter in Section II[.]C[] of its Opinion (pp. 26-28)" anyway. (Pls.'s Mot. Reconsideration at 2.) Thus, Plaintiffs claim the court's opinion at pages 26 to 28 wrongfully ruled on Colin's individual challenges to Defendants' interpretation of the 1985 Restatement because that matter was not presented in the summary judgment motion on Count III.

Colin's challenges to the interpretation of the 1985 Restatement were not in Count III; Colin presented those claims in Count I. In Count I, Colin claimed Defendants did not correctly calculate his service time and his "basic compensation" under the Plan's terms. Colin disagreed with Defendants' interpretation of the 1985 Restatement; Colin alleged Defendants wrongfully withheld payments under the Plan because they wrongfully interpreted the Plan's terms. Plaintiffs' brief even directs the court to Count I where Colin initially made this claim. Colin, thus, challenges the 1985 interpretation in Count I, not Count III.

Since the claim challenging Defendants' interpretation of the 1985 Restatement is in Count I, how Plaintiffs claim the matter was not properly briefed for summary judgment confounds the court. Only Count III was subject to summary judgment. Count I was subject to a motion to dismiss on the pleadings. Any argument for or against the dispositive motion on Count I would not appear in briefs for a dispositive motion on Count III.

Plaintiffs' claims are insufficient and certainly not a reason to reconsider the court's original ruling.

        2.   The Interpretation of the 1985 Restatement

Plaintiffs also argue this court should reconsider its decision upholding Defendants' interpretation of the 1985 Restatement. Plaintiffs argue at length why Defendants' interpretation is less reasonable than Plaintiffs' proffered interpretation. The court denies Plaintiffs' reconsideration motion for two reasons. First, Plaintiffs fail to state why this court should reconsider this judgment. Plaintiffs describe no "change in controlling law," "new evidence not available at trial," or "clear error of law or . . . manifest injustice" that has occurred. Pacific Ins., 148 F.3d at 403.

Plaintiffs also ignore the standard of review this court must apply in reviewing employer interpretations of ERISA plans. "A federal court's ability to review a discretionary decision of the administrator of an employee benefits plan is significantly limited." Elliott v. Sara Lee Corp., 190 F.3d 601, 605 (4th Cir. 1999). A court reviews a denial of benefits when the plan in question gives the administrator discretionary authority to deny benefits for abuse of discretion. Ellis v. Metropolitan Life Ins. Co., 126 F.3d 228, 232 (4th Cir. 1997). The court's opinion noted the parties do not dispute the plan grants Defendants such discretionary authority.

The Fourth Circuit has a nonexclusive list of factors a court should consider in assessing an abuse of discretion, see

7

Booth v. Wal-Mart Stores, Inc. Assocs. Health & Welfare Plan, 201 F.3d 335, 342-43 (4th Cir. 2000), but the overarching standard is the administrator's decision need only be reasonable, not the most reasonable decision. Thus, a court must affirm a reasonable interpretation "even if [the] court would have come to a different conclusion independently." Ellis, 126 F.3d at 232.

Plaintiffs argue at length for their reasonable interpretation. What Plaintiffs never explicitly claim or show is Defendants' original interpretation was unreasonable. As this court has examined the interpretation's reasonableness, the court will not reconsider that decision without proper showing. The motion on this ground will be denied.

3. Clarification of Colin's Claims on Vesting

Colin next moves the court to clarify a statement made in the course of its analysis. Colin refers to the court's discussion denying Defendant Gilbarco's motion for judgment on the pleadings with respect to Count IV. The main points of the court's discussion were (1) Colin's allegations stated Gilbarco misrepresented Colin's vesting age, and (2) the allegation was sufficient to survive the motion for judgment on the pleadings. The court stated a "Gilbarco employee misrepresented to [Colin] that he would not vest in his plan until age 65." (Mem. Op. at 35.) Plaintiff notes the complaint alleges Gilbarco's misrepresentation was Colin would never vest at all, not that he would not vest until 65. In either case, Colin seeks benefits from when Gilbarco made the misrepresentation until he actually

8

applied for benefits (when he was 65), independent of the misrepresentation.  The court notes this statement was not a factual finding, which would be inappropriate in a motion for judgment on the pleadings.  However, to the extent the court's statement caused any confusion, the court notes Colin alleges Gilbarco told him his rights under the Plan would never vest.

    4. Clarification of Which Defendants Are Subject to Count VI

This court dismissed Count VI's claims against all defendants except Gilbarco.  Count VI was for a breach of fiduciary duty under 29 U.S.C. § 1104.  The court clearly stated this claim can be asserted against Gilbarco only.

Plaintiffs claim part of their relief for the fiduciary breach was for reformation and reinstatement of the Plan.  Because of this relief, all parties with power to amend the Plan should remain parties in this present action.  The parties with power to amend the Plan are Gilbarco and Danaher.  Plaintiffs claim Danaher and the Danaher Plan should remain parties until the court decides if they are necessary parties.

Count VI, however, states a claim against only Gilbarco.  Plaintiffs never state any claim or show how Danaher is liable under this claim.  It is common sense that the relief a plaintiff seeks under a claim can be asserted against only those liable under that claim.  Since Plaintiffs state a cause of action against only Gilbarco for breach of fiduciary duty, the court's judgment stands.

**III. CONCLUSION**

For the reasons set forth above,

IT IS ORDERED that Plaintiffs' Motion for Reconsideration [93] is denied. The court clarifies what may have been a misstatement in the original memorandum opinion as noted above.

This the 5th day of January 2006.

_____
United States District Judge